# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: <u>1:20–mj–00234–AJ–1</u>

Case title: USA v. Jones                         Date Filed: 12/23/2020

Assigned to: Magistrate Judge
Andrea K. Johnstone

**<u>Defendant (1)</u>**

**Katelyn Jones**                    represented by   **Jeffrey S. Levin**
                                                      Federal Defender's Office
                                                      The Ralph Pill Bldg
                                                      22 Bridge St
                                                      Concord, NH 03301
                                                      603 226–7360
                                                      Email: <u>jeff_levin@fd.org</u>
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or Community*
                                                      *Defender Appointment*

**<u>Pending Counts</u>**                          **<u>Disposition</u>**

None

**<u>Highest Offense Level (Opening)</u>**

None

**<u>Terminated Counts</u>**                       **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                              **<u>Disposition</u>**

18 U.S.C. § 873 – Threats of
violence through interstate
commerce

**<u>Plaintiff</u>**

**USA**                                           represented by

1

**Charles L. Rombeau**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603 225−1552
Fax: 603 225−1470
Email: charles.rombeau@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/23/2020 | | | Arrest (Removal) of Katelyn Jones. (bt) (Entered: 12/23/2020) |
| 12/23/2020 | 1 | | COPY of Warrant and Complaint from District of Eastern District of Michigan, Case No. 2:20mj30535. (bt) (Entered: 12/23/2020) |
| 12/23/2020 | | | NOTICE OF HEARING as to Katelyn Jones. Removal Hearing via video conference set for 12/23/2020 01:30 PM before Magistrate Judge Andrea K. Johnstone. (bt) (Entered: 12/23/2020) |
| 12/23/2020 | 2 | | **PUBLIC ACCESS FINDINGS as to Katelyn Jones. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 12/23/2020) |
| 12/23/2020 | 3 | | Consent to Video/Telephonic Conference and Waiver of Right to Appear in Person for Initial Appearance Fed. R. Crim. P. 5, Preliminary Hearing Fed. R. Crim. P. 5.1, Arraignment Fed. R. Crim. P. 10, Detention/Bail Review/Reconsideration Hearings 18 U.S.C. Sec. 3142, as to Katelyn Jones. (bt) (Entered: 12/23/2020) |
| 12/23/2020 | | | **ENDORSED ORDER approving: 3 Consent to Video/Telephonic Conference Waiver to Appear in Person as to Katelyn Jones.** *Text of Order: Approved* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 12/23/2020) |
| 12/23/2020 | 4 | | MOTION to Appoint Counsel with Financial Declaration by Katelyn Jones. (Attachments: # 1 Financial Affidavit) *Document available in clerks office.* (bt) (Entered: 12/23/2020) |
| 12/23/2020 | | | **ENDORSED ORDER approving: 4 Motion to Appoint Counsel. Federal Public Defender Jeffrey Levin appointed in the case as to Katelyn Jones (1). Assignment accepted on 12/23/2020.** *Text of Order: Request Approved. Appoint Counsel.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 12/23/2020) |
| 12/23/2020 | | | Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: REMOVAL HEARING via video conference as to Katelyn Jones held on 12/23/2020. Defendant consented to a hearing via video. Court approves financial affidavit. Defendant: advised of rights and charges, waived preliminary hearing, waived identity hearing. Defendant released on conditions. Detention hearing to be held in prosecuting district. (Court Reporter: Brenda Hancock) (Govt Atty: Charles Rombeau) (Defts Atty: Jeffrey Levin) (USP: Jacqulyne Santullo)(Total Hearing Time: 17 Minutes) (bt) (Entered: 12/23/2020) |

| 12/23/2020 | 5 | | WAIVER of Rule5(c)(3) Hearing by Katelyn Jones. Defendant requests Preliminary Hearing and Detention Hearing in prosecuting district. (bt) (Entered: 12/23/2020) |
|---|---|---|---|
| 12/23/2020 | 6 | | **ORDER OF HOLDING DEFENDANT TO ANSWER AND TO APPEAR IN DISTRICT OF PROSECUTION as to Katelyn Jones to District of Eastern District of Michigan on 1/13/2021 or otherwise agreed upon date. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 12/23/2020) |
| 12/23/2020 | 7 | | **ORDER Setting Conditions of Release as to Katelyn Jones. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 12/23/2020) |

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Charles L. Rombeau (caseview.ecf@usdoj.gov,
charles.rombeau@usdoj.gov, kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov)
--Non Case Participants: US Probation (nhpdb_cmecf@nhp.uscourts.gov)
--No Notice Sent:

Message-Id:2290207@nhd.uscourts.gov
Subject:Activity in Case 1:20-mj-00234-AJ USA v. Jones Arrest - Removal
Content-Type: text/html
```

### U.S. District Court

### District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 12/23/2020 at 9:22 AM EST and filed on 12/23/2020

| | |
|---|---|
| **Case Name:** | USA v. Jones |
| **Case Number:** | 1:20−mj−00234−AJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Arrest (Removal) of Katelyn Jones. (bt)**

**1:20−mj−00234−AJ−1 Notice has been electronically mailed to:**

Charles L. Rombeau &nbsp &nbsp charles.rombeau@usdoj.gov, CaseView.ECF@usdoj.gov,
kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

**1:20−mj−00234−AJ−1 Notice, to the extent appropriate, must be delivered conventionally to:**

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Jeffrey S. Levin (brandy_fantasia@fd.org, elizabeth_sousa@fd.org,
jeff_levin@fd.org), Charles L. Rombeau (caseview.ecf@usdoj.gov, charles.rombeau@usdoj.gov,
kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov, usanh.ecfdocket@usdoj.gov)
--Non Case Participants: US Marshal (adele.duchesneau@usdoj.gov,
brenda.mikelson2@usdoj.gov, eugene.robinson2@usdoj.gov, kathleen.renaud@usdoj.gov,
kimberly.dow@usdoj.gov, wanda.dechaine@usdoj.gov), US Probation
(nhpdb_cmecf@nhp.uscourts.gov)
--No Notice Sent:

Message-Id:2290226@nhd.uscourts.gov
Subject:Activity in Case 1:20-mj-00234-AJ USA v. Jones Notice of Hearing
Content-Type: text/html
```

## U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/23/2020 at 9:42 AM EST and filed on 12/23/2020

| | |
|---|---|
| **Case Name:** | USA v. Jones |
| **Case Number:** | 1:20-mj-00234-AJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **NOTICE OF HEARING as to Katelyn Jones. Removal Hearing via video conference set for 12/23/2020 01:30 PM before Magistrate Judge Andrea K. Johnstone. (bt)**


**1:20-mj-00234-AJ-1 Notice has been electronically mailed to:**

Charles L. Rombeau &nbsp &nbsp charles.rombeau@usdoj.gov, CaseView.ECF@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

Jeffrey S. Levin &nbsp &nbsp jeff_levin@fd.org, Brandy_Fantasia@fd.org, Elizabeth_Sousa@fd.org

**1:20-mj-00234-AJ-1 Notice, to the extent appropriate, must be delivered conventionally to:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                        Case No. 20-mj-234-01-AJ

Katelyn Jones

## Public Access Findings

### I.    Background

Today's hearing is taking place during the public health emergency caused by the COVID-19 outbreak. All parties to this proceeding, including the court, are appearing remotely via video teleconference. The court's protocols for this hearing are laid out in Standing Order 20-7 (Mar. 23, 2020). The court finds that conducting this hearing via video teleconference — under the unique circumstances presented by the COVID-19 pandemic — is the best way to ensure the safety of the litigants, court personnel, and the public at large. All findings made in the court's prior standing orders are incorporated herein. See Standing Order 20-25 (July 24, 2020).[1]

Today's hearing has been noticed as a video teleconference. The fact that this hearing is being conducted by video teleconference impacts the public's right to access court

---

[1] The court's Standing Orders regarding the COVID-19 outbreak can be found here: http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19.

1

proceedings.  See Press-Enter. Co. v. Superior Court, 464 U.S. 501, 509-10 (1984).  Information regarding the hearing appears on the court's public docket, which is available on the court's public website.  Instructions regarding how members of the public can join the hearing are also available on the court website.  In the event the defendant consents to proceed, the court makes the findings below.

## II.  **Partial Rather Than Total Closure**

The court first finds that this video hearing constitutes a partial, rather than total, closure of these proceedings.  The court so finds because the goals of public access will still be achieved: this proceeding is not being held in secret and the public, including members of the press, maintains the opportunity to access this proceeding in real time.  See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593-97 (1980) (Brennan, J., concurring in the judgment) (discussing the functions of public access to court proceedings, including ensuring that procedural rights are protected and that justice is administered equally, maintaining public confidence in the justice system, enabling the public to act as a check on judicial power, and promoting accurate fact-finding); see also Bucci v. United States, 662 F.3d 18, 22 (1st Cir. 2011) (discussing benefits of openness in criminal proceedings).

2

Under the extraordinary circumstances presented by the
continuing COVID-19 pandemic, the court finds this partial
closure is necessary.

### III. **Findings in Support of Necessity for this Partial Closure**

A. **First, the court finds that protecting the health and
safety of the public and the parties to this proceeding
from the spread of COVID-19 is a substantial interest that
would be jeopardized and prejudiced if the court did not
impose this partial closure.**

Since the first announced case in New Hampshire on March 2,
2020, the state has reported 20,994 confirmed cases of COVID-19.[2]
As of November 30, 2020, 526 deaths have been attributed to the
disease in this state.[3] Further, as of November 30, 2020,
approximately 7,700 people are being monitored for signs of
COVID-19 infection and 817,159 total tests[4] have been reported
(both positive and negative test results).[5] Nationally, as of

---

[2] Novel Coronavirus 2019 (COVID-19), N.H. Dep't of Health
and Human Servs., https://www.nh.gov/covid19/ (last updated Nov.
30, 2020). The statistics in this paragraph change frequently;
updated figures are available at the sources cited.

[3] Novel Coronavirus 2019 (COVID-19), N.H. Dep't of Health and
Human Servs., https://www.nh.gov/covid19/ (last updated Nov. 30,
2020).

[4] This statistic refers to the polymerase chain reaction
("PCR") test. See COVID-19 diagnostic testing, Mayo Clinic,
https://www.mayoclinic.org/tests-procedures/covid-19-diagnostic-
test/about/pac-20488900 (last updated Nov. 24, 2020).

[5] Novel Coronavirus 2019 (COVID-19), N.H. Dep't of Health
and Human Servs., https://www.nh.gov/covid19/ (last updated Nov.
30, 2020); COVID-19 Overview Dashboard, N.H. Dep't of Health and
Human Servs.,

November 30, 2020, the number of confirmed cases has grown to 13,295,605, with 266,051 cases resulting in death.[6]

Given the contagious nature of the virus and the exponential growth in cases, COVID-19 presents an enormous danger to the health and safety of the public, including the litigants, security, and court personnel involved in this proceeding. The court's interest in preventing the spread of COVID-19 and preserving the health of all hearing participants, including the public, is a weighty and substantial interest that would likely be prejudiced if the court were not to impose this partial closure. See United States v. Smith, 426 F.3d 567, 572–73 (2d Cir. 2005) (finding that U.S. Marshals' policy after September 11th of requiring unknown visitors to court to produce photo identification constituted partial closure of courtroom that was justified by substantial reason of promoting security and preventing terrorism).

**B. Second, the court finds that this partial closure of court proceedings is narrowly tailored to protect public health and safety and is less restrictive than the court's current in-court hearing protocols.**

---

https://www.nh.gov/covid19/dashboard/overview.htm#dash (last updated Nov. 30, 2020).

[6] CDC COVID Data Tracker, Ctrs. for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last updated Nov. 30, 2020).

4

Allowing the public to access these proceedings through
video teleconference allows members of the public to access the
proceedings while, at the same time, protecting the health of
all involved by limiting the potential exposure of the public,
parties, and court staff to COVID-19.

Importantly, the court finds that, in light of the court's
current restrictions on the number of people permitted in the
courtroom, providing public video access is less restrictive
than holding an in-person hearing which only a more limited
number of people can attend. Further, via video, even
individuals who would have otherwise been prohibited from
entering the courthouse — for example, people who have tested
positive for COVID-19 — now have access (even though virtual) to
the proceedings. See Standing Order 20-33 (Nov. 16, 2020)
(prohibiting certain individuals from entering the courthouse,
including people recently diagnosed with COVID-19 or exposed to
someone diagnosed with COVID-19). Providing the public access
to this proceeding via video is the least restrictive means of
protecting the substantial interest of public health and safety.
See United States v. Alimehmeti, 284 F. Supp. 3d 477, 490
(S.D.N.Y. 2018) (granting partial closure of courtroom to
protect identity of undercover agents: courtroom was closed to
public during undercover agents' testimony but audio of
testimony was live-streamed into different courtroom and

5

transcripts of testimony were promptly made available to public).

### C. Third, the court has considered reasonable alternatives to this partial closure.

The court has considered alternatives to this partial closure and finds they are neither reasonable nor feasible under the circumstances of the COVID-19 pandemic and this case, particularly the necessity that this hearing be conducted promptly.

## IV.  Conclusion

In sum, the court finds that in this case a partial closure of court proceedings is necessary in that today's hearing will be conducted by video teleconference.  This partial closure is justified by the substantial interest of protecting public health and safety.  The public maintains the opportunity to access this proceeding by video teleconference.

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

_____December 23_____, 2020

cc:  Counsel of record

**United States District Court**
**District of New Hampshire**

United States of America

V.                                          Case No. ___20-mj-00234-AJ___

KATELYN JONES
_____

**CONSENT TO VIDEO/TELEPHONIC CONFERENCE**
**AND WAIVER OF RIGHT TO APPEAR IN PERSON**

*With the consent of the defendant, the court is authorized to conduct certain criminal proceedings by video/telephonic conference. See Standing Order 20-25 (July 24, 2020); Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, §15002(b), 134 Stat. 281, 528-29 (2020).*

**I understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the proceedings listed below take place in person in open court. After consultation with my attorney, I knowingly and voluntarily consent to the proceeding(s) checked below taking place by video/telephonic conference and I knowingly and voluntarily waive my right to be present, in person, in open court as to the proceeding(s) checked below.**

Check each that applies:

- [✔] **Initial Appearance (Fed. R. Crim. P. 5)**
- [✔] **Preliminary Hearing (Fed. R. Crim. P. 5.1)**
- [✔] **Arraignment (Fed. R. Crim. P. 10)**
- [✔] **Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. § 3142)**
- [ ] **Pretrial Release Bail Revocation Proceedings (18 U.S.C. § 3148)**
- [ ] **Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))**
- [ ] **Appearances under Fed. R. Crim. P. 40**
- [ ] **Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)**
- [ ] **Other:** _____

Date: 12/23/20                    /s/ Katelyn Jones
                                  _____
                                  **Defendant**

Date: 12/23/20                    /s/ Jeffrey S. Levin
                                  _____
                                  **Counsel for Defendant**

**APPROVED.**

Date: 12/23/20                    *Andrea K. Johnstone*
                                  _____
                                  **U.S. Magistrate Judge**
                                  **U.S. District Judge**

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Charles L. Rombeau (caseview.ecf@usdoj.gov,
charles.rombeau@usdoj.gov, kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov), Jeffrey S. Levin (brandy_fantasia@fd.org,
elizabeth_sousa@fd.org, jeff_levin@fd.org)
--Non Case Participants: US Marshal (adele.duchesneau@usdoj.gov,
brenda.mikelson2@usdoj.gov, eugene.robinson2@usdoj.gov, kathleen.renaud@usdoj.gov,
kimberly.dow@usdoj.gov, wanda.dechaine@usdoj.gov), US Probation
(nhpdb_cmecf@nhp.uscourts.gov)
--No Notice Sent:

Message-Id:2290534@nhd.uscourts.gov
Subject:Activity in Case 1:20-mj-00234-AJ USA v. Jones Order
Content−Type: text/html
```

## U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/23/2020 at 2:14 PM EST and filed on 12/23/2020

| | |
|---|---|
| **Case Name:** | USA v. Jones |
| **Case Number:** | <u>1:20−mj−00234−AJ</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **ENDORSED ORDER approving: [3] Consent to Video/Telephonic Conference Waiver to Appear in Person as to Katelyn Jones.** *Text of Order: Approved* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)**


**1:20−mj−00234−AJ−1 Notice has been electronically mailed to:**

Charles L. Rombeau &nbsp &nbsp charles.rombeau@usdoj.gov, CaseView.ECF@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

Jeffrey S. Levin &nbsp &nbsp jeff_levin@fd.org, Brandy_Fantasia@fd.org, Elizabeth_Sousa@fd.org

**1:20−mj−00234−AJ−1 Notice, to the extent appropriate, must be delivered conventionally to:**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**IN RE THE MATTER OF:**

KATELYN JONES
(Petitioner's Name)

Case No.    20-mj-00234-AJ
(If known)

## REQUEST FOR APPOINTMENT OF COUNSEL

I, _____ Katelyn Jones _____, respectfully request appointment of

counsel to represent me as a criminal defendant.

I am financially unable to hire counsel. A completed Financial Affidavit is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _12/23/20_____

/s/ Katelyn Jones
Signature of Petitioner

### RULING BY JUDICIAL OFFICER

☒ Request Approved. Appoint Counsel.
☐ Request Denied.
☐ Other:_____

Date: _12/23/2020_____

_Audrea K. Mustone_
U.S. Magistrate Judge

USDCNH-17 (Rev. 4/2018) (Previous Editions Obsolete)

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Charles L. Rombeau (caseview.ecf@usdoj.gov,
charles.rombeau@usdoj.gov, kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov), Jeffrey S. Levin (brandy_fantasia@fd.org,
elizabeth_sousa@fd.org, jeff_levin@fd.org)
--Non Case Participants: US Marshal (adele.duchesneau@usdoj.gov,
brenda.mikelson2@usdoj.gov, eugene.robinson2@usdoj.gov, kathleen.renaud@usdoj.gov,
kimberly.dow@usdoj.gov, wanda.dechaine@usdoj.gov), US Probation
(nhpdb_cmecf@nhp.uscourts.gov)
--No Notice Sent:

Message-Id:2290544@nhd.uscourts.gov
Subject:Activity in Case 1:20-mj-00234-AJ USA v. Jones Order on Motion to Appoint Counsel
```
Content−Type: text/html

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/23/2020 at 2:16 PM EST and filed on 12/23/2020

| | |
|---|---|
| **Case Name:** | USA v. Jones |
| **Case Number:** | <u>1:20−mj−00234−AJ</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **ENDORSED ORDER approving: [4] Motion to Appoint Counsel. Federal Public Defender Jeffrey Levin appointed in the case as to Katelyn Jones (1). Assignment accepted on 12/23/2020.** *Text of Order: Request Approved. Appoint Counsel.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)**

**1:20−mj−00234−AJ−1 Notice has been electronically mailed to:**

Charles L. Rombeau &nbsp &nbsp charles.rombeau@usdoj.gov, CaseView.ECF@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

Jeffrey S. Levin &nbsp &nbsp jeff_levin@fd.org, Brandy_Fantasia@fd.org, Elizabeth_Sousa@fd.org

**1:20−mj−00234−AJ−1 Notice, to the extent appropriate, must be delivered conventionally to:**

```
MIME-Version:1.0
From:ecf_bounce@nhd.uscourts.gov
To:nef@nhd.uscourts.gov
Bcc:
--Case Participants: Charles L. Rombeau (caseview.ecf@usdoj.gov,
charles.rombeau@usdoj.gov, kristina.mcnamara@usdoj.gov, usanh.ecfcriminal@usdoj.gov,
usanh.ecfdocket@usdoj.gov), Jeffrey S. Levin (brandy_fantasia@fd.org,
elizabeth_sousa@fd.org, jeff_levin@fd.org)
--Non Case Participants:
--No Notice Sent:

Message-Id:2290549@nhd.uscourts.gov
Subject:Activity in Case 1:20-mj-00234-AJ USA v. Jones Removal Hearing
Content-Type: text/html
```

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/23/2020 at 2:21 PM EST and filed on 12/23/2020

| | |
|---|---|
| **Case Name:** | USA v. Jones |
| **Case Number:** | <u>1:20–mj–00234–AJ</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: REMOVAL HEARING via video conference as to Katelyn Jones held on 12/23/2020. Defendant consented to a hearing via video. Court approves financial affidavit. Defendant: advised of rights and charges, waived preliminary hearing, waived identity hearing. Defendant released on conditions. Detention hearing to be held in prosecuting district. (Court Reporter: Brenda Hancock) (Govt Atty: Charles Rombeau) (Defts Atty: Jeffrey Levin) (USP: Jacqulyne Santullo)(Total Hearing Time: 17 Minutes) (bt)**

**1:20–mj–00234–AJ–1 Notice has been electronically mailed to:**

Charles L. Rombeau &nbsp &nbsp charles.rombeau@usdoj.gov, CaseView.ECF@usdoj.gov, kristina.mcnamara@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

Jeffrey S. Levin &nbsp &nbsp jeff_levin@fd.org, Brandy_Fantasia@fd.org, Elizabeth_Sousa@fd.org

**1:20–mj–00234–AJ–1 Notice, to the extent appropriate, must be delivered conventionally to:**

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)                 USDCNH-119 (3/13)

# UNITED STATES DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

v.

Case Number: __20-mj-234-01-AJ__

Katelyn Jones
        Defendant

Charging District's Case Number: __2:20−mj−30535__

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the ____Eastern District of Michigan____

(name of other court)

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named of the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise -- unless I am indicted -- to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❑   an identity hearing and production of the warrant.

❑   a preliminary hearing.

❑   a detention hearing

☒   an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.   I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: __12.23.2020__                    /s/ Katelyn Jones
                                Signature of Defendant

Date: __12.23.2020__                    /s/ Jeffrey S. Levin
                                Counsel for Defendant

Date: __12/23/2020__                    *Andrea K. Johnstone*
                                ☒   United States Magistrate Judge
                                ❑   United States District Judge

cc:   Defendant
      U.S. Attorney
      U.S. Marshal
      U.S. Probation
      Defense Counsel

31

AO 467 (Rev. 1/09) Order of Holding Defendant (NH-1/09)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America                  Case No. 20-mj-234-01-AJ

v.

Katelyn Jones                             Charging District Eastern
District of Michigan
                                          Case Number: 2:20-mj-30535

### ORDER OF HOLDING DEFENDANT TO ANSWER
### AND TO APPEAR IN DISTRICT OF PROSECUTION
### OR DISTRICT HAVING PROBATION JURISDICTION

The defendant having appeared before this Court pursuant to Rule 5, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

The defendant shall be held to answer in the United States District Court for the District of Michigan Eastern District and shall appear at all proceedings as required.  The defendant shall next appear:

Where: Via Video Conference-231 W Lafayette Blvd, Detroit, MI 48226.

When: 1/13/2021 at 1pm.

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of court where the charges are pending.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

12/23/2020

cc:   U.S. Attorney
      U.S. Marshal
      U.S. Probation
      Jeffrey Levin, FD

32

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    USDCNH-40 (5/20)

# UNITED STATE DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

|            |                                        |
|------------|----------------------------------------|
| v.         | **ORDER SETTING CONDITIONS OF RELEASE** |
| Katelyn Jones | Case No. 1:20-mj-00234-AJ            |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒ 1.  The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒ 2.  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

☒ 3.  The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒ 4.  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☐ 5.  The defendant shall appear at _____, on
_____ at _____ AM   or as otherwise notified.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ 6.  The defendant is placed in the custody of: (*address to be redacted from electronic version of document entered on CM/ECF*):
_____
_____
_____   Tel. No. _____

who agrees to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
*(Custodian or Proxy)*

Page 1 of 5

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (8/12)

☒ 7.   The defendant shall:

☒ (a)   Report on a regular basis as directed by the supervising officer.

☐ (b)   Maintain or actively seek employment.

☒ (c)   Refrain from possessing a firearm, destructive device, or other dangerous weapons.

☐ (d)   Surrender any firearm(s) to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    and provide written verification to the supervising officer.

☐ (e)   Surrender any passport to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    ☐ by: _____.

☐ (f)   Obtain no passport.

☒ (g)   Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

☒ (h)   Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

☐ (i)   Meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer.

☐ (j)   Be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.

☐ (k)   Restrict travel to the State(s) of New Hampshire and _____.
    ☐ Travel to _____ for work purposes only.
    ☐ Travel to _____ for court purposes only.
    ☐ Other: _____.
    Any other travel must be pre-approved by the supervising officer.

☒ (l)   Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
    _____
    _____
    ☐ Those individuals identified on the list provided to defendant and his/her counsel at the hearing.
    ☐ Contact is permitted with _____, but defendant shall not discuss this case.
    ☐ Other: _____.

☐ (m)   Have no unsupervised contact with any minor children.
    ☐ Other: _____.

☐ (n)   Refrain from    any use of alcohol or    refrain from the excessive use of alcohol.

☐ (o)   Participate in the following home confinement program components and abide by all the requirements of the program:
    ☐ (1)   Curfew: defendant is restricted to his/her residence every day
        ☐ from _____ to _____; or
        ☐ as directed by the supervising officer;
    ☐ (2)   Home Detention: defendant is restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the supervising officer; or
    ☐ (3)   Home Incarceration: defendant is restricted to his/her residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release

USDCNH-40 (8/12)

☐ (4)  The home confinement program will include electronic monitoring or other location verification system. Defendant shall pay all or part of the cost of the program based upon his/her ability to pay as determined by the supervising officer.

☒ (p)  Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.

☒ (q)  Refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without preapproval of the supervising officer.

☒ (r)  Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.

☒ (s)  Defendant shall take all mental health medications as prescribed by his/her treating physician.

☐ (t)  Execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from his/her health care providers.

☐ (u)  Execute a secured unsecured bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____ _____.

☐ (v)  Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____ _____.

☐ (w)  Execute a bail bond with solvent sureties in the amount of _____.

☐ (x)  Maintain or commence an education program.

☐ (y)  Maintain residence at a halfway house or community corrections center, as deemed necessary by the supervising officer.

☐ (z)  Comply with the following residential requirements or restrictions: _____ _____

   ☐ No overnights away from the residence without preapproval of the supervising officer.
   ☐ Any change in residence must be preapproved by the supervising officer.

☐ (aa)  Comply with the following employment requirements or restrictions: _____ _____

   ☐ Refrain from engaging in an occupation, business, profession, or volunteer activity that would require or enable you to _____ without preapproval of the supervising officer.

☒ (bb)  Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

☐ (cc)  Other:


☐ 8.  Participate in the following computer restriction or monitoring program:

☐ (a)  Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

☐ (b)  No access to the internet unless preapproved by the supervising officer.

☐ (c)  Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.

☐ (d)  Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.)

☐ (e)  Defendant shall provide the supervising officer with all current online screen names and passwords and he/she shall not create or use any new profiles or screen names without the prior approval of the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (8/12)

    ☐ (f)   Defendant shall surrender his/her smartphone to the supervising officer immediately. He/she can request that it be returned to him/her for trade-in purposes only. If he/she trades in the smartphone proof of the trade-in shall be provided to the supervising officer.

☐ 9.   Participate in a sex offender-specific assessment treatment as directed by the supervising officer.

☐ 10.  Provide access to and execute authorizations and do not revoke /withdraw authorizations, for the release of any requested financial information as requested by the supervising officer.

    ☐ (a)  Do not incur any new credit charges or open any new lines of credit without preapproval of the supervising officer.

    ☐ (b)  Other:

☐ 11.  Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

### Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.

In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                              USDCNH-40 (8/12)

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 12-23-2020                          _Katelyn Jens_
                                          Signature of the Defendant

### Directions to United States Marshal

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☐ The defendant shall be detained until notified by U.S. Probation or the court that he/she can be released directly to an inpatient treatment facility.

☒ The defendant is ORDERED released after processing.

Date: 12/23/2020                    ~~Select~~ Judge _Audrea K. Morine_

                                    ☒    United States Magistrate Judge
                                    ☐    United States District Judge

cc:    Defendant
       U.S. Attorney
       U.S. Marshal
       U.S. Probation
       Defense counsel